**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Craig Lumsden, *on behalf of himself and all others similarly situated,* | |
| *Plaintiff,* | **RULE 23 CLASS ACTION COMPLAINT** |
| -against- | |
| Williams-Sonoma, Inc.; Williams-Sonoma Stores, Inc.; | **Jury Trial Demanded** |
| *Defendant.* | |

Plaintiff Craig Lumsden ("Plaintiff" or "Lumsden"), on behalf of himself and all others similarly situated, brings this action for damages and other legal and equitable relief against defendants Williams-Sonoma Stores, Inc., West Elm, Inc., and Pottery Barn, Inc. ("Defendants"), upon personal knowledge as to himself and upon information and belief as to others, as follows:

1.      Plaintiff and the proposed class worked in non exempt job roles performing physical tasks with job titles including, but not limited to visual merchandiser, stock associate, stockroom associate, sales associate, and stock lead for Defendants.

2.      Defendant Williams-Sonoma, Inc. ("WSI Inc.") is one of the United States' largest brick and mortar and e-commerce retailers. It currently operates retail stores in the United States, Canada, Puerto Rico, Australia, and the United Kingdom, and franchises its brands to third parties in a number of countries in the Middle East, the Philippines and Mexico. Its products are also available to customers through catalogs and online. It uses its subsidiary Williams Sonoma Stores, Inc. ("WSI Stores") to operate payroll and management practices at its brick and mortar retail stores.  Both of these entities appear on Plaintiff's and upon information and belief, the Proposed Class's payroll documents.

3.      The company has a strategy of selling its products under distinct brands including: Williams Sonoma, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, West Elm, Williams Sonoma Home, Rejuvenation, and Mark and Graham. The operations across brands are deeply intertwined. For example, all of the brands are part of WSI's The Key Rewards program, our free-to-join loyalty program that offers members exclusive benefits across the Williams-Sonoma family of brands.

4.      WSI intends for its retail stores to serve as "billboards for [its] brands, which [it] believe inspires [its] customers to also shop online and through [its] catalogs."

5.      An applicant searching for job openings on West Elm or Pottery Barn website, or any other website of a brand belonging to WSI Inc., will be directed to a central corporate website under the name "Williams Sonoma" where the job application and hiring process is conducted.

6.      To its credit, the company committed in 2021 to ensure all of its more than 20,000 employees at brick and mortar retail stores in the country were paid at least $15.00 per hour. Unfortunately, WSI's central payroll management for stores across the country has led to a willful failure to comply with New York law concerning when wage are due.

7.      Plaintiff and the proposed class herein are entitled to recover compensatory damages, liquidated damages, prejudgment interest, attorney fees and expenses, and all other available damages under the New York State Labor Law ("NYLL") due to Defendants' violation of NYLL 191, resulting from Defendants' uniform policy of paying all non-exempt store employees bi-weekly.  Non-exempt store employees are manual workers as defined in NYLL 190(4) because their primary duties are: working the register, packing customer orders for in-store orders and online and catalog orders, merchandising, loading and unloading shipments, cleaning and maintaining the store, assisting customers with demonstrations and use of products.

## PARTIES

8.      Plaintiff Craig Lumsden is an adult, over eighteen years old, a resident of Kings County and a citizen of New York State.

9.      Plaintiff and the Proposed Class were, throughout their entire employment with Defendants, covered, non-exempt employees within the meaning of the NYLL.  As such, they were entitled to be paid in full for all hours worked, on a weekly basis.

10.     WSI Inc. is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and headquarters located at 3250 Van Ness Avenue, San Francisco, California 94109 and a service of process in the care of the Corporation Service Company at 80 State Street, Albany, New York, 12207.

11.     WSI Stores is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and headquarters located at 3250 Van Ness Avenue, San Francisco, California 94109 and a service of process in the care of the Corporation Service Company at 80 State Street, Albany, New York, 12207.

12.     WSI Inc and WSI Stores are at all relevant times herein: registered to do business in New York with principal executive offices in San Francisco, CA;  and jointly own and operate retail stores using various brands and subsidiary companies that all advertise, market, distribute, and/or sell retail merchandise in the City and State of New York and throughout the world.

13.     Defendants maintained control, oversight, and direction over Plaintiff and the Proposed Class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

14.     Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff and the Proposed Class, are considered an employer under the NYLL §190(3).

15.     Defendants apply the same employment policies, practices, and procedures to all store employees at brick and mortar stores in New York, including with respect to frequency of pay for non-exempt employees.

## JURISDICTION AND VENUE

16.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendants.

17.     This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since Plaintiff Lumsden resides in New York, other members of proposed class are citizens of New York, while Defendants are citizens of California with their headquarters in California, pursuant to § 1332(c)(1).

18.     There are over 500 members in the proposed class.

19.     Defendants are subject to personal jurisdiction in New York as they do business in New York.

20.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## FACTS

21.     Defendants operate furniture and home goods stores and outlets across the United States.  The Williams-Sonoma family of companies had $8.2 billion in annual revenue in 2021.

22.     Defendants are an employer of Plaintiff under the New York Labor Law.

23.     Defendants had and continues to have the power to: hire and fire employees; supervise and control employee work schedules or conditions of employment; determine the rate and method of payment; and maintain employment records.

24.     Defendants operate eight stores under the name West Elm in the State of New York.

25.     Defendants operate seven stores under the name Williams Sonoma in the State of New York.

26.     Defendants operate seven stores under the name Pottery Barn in the State of New York.

27.     Defendants operate two stores under the name Pottery Barn Kids in the State of New York.

28.     Defendants operate two stores under the name Pottery Barn Teen in the State of New York.

29.     Defendants operate one store under the name Rejuvenation in the State of New York.

30.     Defendants operate seven stores under the name Pottery Barn in the State of New York.

31.     All of the below factual allegations are, upon information and belief, consistent among Plaintiff and all members of the Class.

32.     Plaintiff Craig Lumsden was hired as a visual merchandiser in 2015 to work at a Pottery Barn store located at 2 Main Street, Brooklyn, NY,  Over the years he also worked at the store located at 1965 Broadway, New York, New York 10023, and at 1870 Broadway, New York, New York 10023 where he continues to be employed.

33. Nearly all of Plaintiff's work duties were physical tasks and qualify him as a Manual Worker under the NYLL.

34. Plaintiff and the Proposed Class members spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

35. Despite this, Defendants have paid Plaintiff and other similarly situated hourly Manual Workers in New York State on a bi-weekly basis.

36. Upon information and belief, Defendants' store managers are the only store employees who are both salaried and not required to weekly pay.

37. Because of Defendants' improper compensation policies, Plaintiff was deprived of timely and weekly pay, in direct violation of the NYLL.

38. This pattern of conduct was continuous throughout Plaintiff's employment.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**Acute Injuries in Fact Sustained by Plaintiff as a result of Defendants' Conduct**

40. Plaintiff Lumsden and other similarly situated Manual Workers employed by Defendants suffered actual and acute injuries as a result of Defendants' failure to pay weekly wages.  The timely payment of earned wages were and are crucial to Lumsden's ability to pay day to day and monthly expenses, especially due to the New York area's high cost of living. Defendants' conduct in paying Lumsden's wages late throughout his employment resulted in him having to pay bills late on more than one occasion.

41. Defendants' late wage payments also deprived Lumsden and other similarly situated Manual Workers of the time value of their earned money, resulting in tangible financial loss calculated as interest and in other amounts, including fees, penalties, and interest; and loss in the form of the negative impact on their ability to save, invest, and plan for the future.

Defendants reaped billions of dollars in sales proceeds from its customers as a direct result of its Manual Workers' labor, reporting billions in annual revenue, while unlawfully withholding from and paying late its employees who are least able to weather these unjust delays.

## RULE 23 CLASS ACTION ALLEGATIONS

42.     The Proposed Class is defined as:

> All non-exempt employees working at Defendants' stores in the State of New York between the date six years preceding the filing of this complaint and the date a class is certified in this action.

43.     Plaintiff hereby states that the Class Period shall to the extent permitted by law be expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar order, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

44.     The members of the Proposed Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

45.     There are more than 500 class members and the Plaintiff's claims are typical of those other members, in that any one would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

46.     Plaintiff and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct.

47.     Defendants' corporate-wide policies and practices affected everyone who worked in every store in the same way.

48.     Plaintiff is able to fairly and adequately protect the interests of the Proposed Class and have no interests antagonistic to it.

49.     Plaintiff is represented by attorneys who are experienced and competent to bring this action.

50.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

51.     Common questions of law and fact exist as to the Proposed Class that predominate  over any questions only affecting Plaintiff and/or each member of the New York Class individually  and include, but are not limited to, the following:

> 1. What job duties are performed by visual merchandisers, sales associates, and stock associates?
>
> 2. What is the frequency of pay for the employee?
>
> 3. Does the employee spend at least 25% of the time at work engaged in physical labor?

## **FIRST CAUSE OF ACTION**

### **ON BEHALF OF PLAINTIFF AND THE CLASS**

*Violation of the New York Labor Law – Failure to Pay Timely Wages*

52.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

53.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the Proposed Class.

54.     Defendants failed to pay Plaintiff and Proposed Class on a timely basis as required by NYLL § 191(1)(a), which resulted in an underpayment.

55.     Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." People v. Vetri, 309 N.Y. 401, 405 (1955).

56.     All West Elm, Pottery Barn, and Williams-Sonoma visual merchandisers, sales associates, stock associates, and other hourly workers are Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

57.     As such, the failure to provide wages owed to Plaintiff and all others similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." See Caul v. Petco Animal Supplies, Inc., No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing Vega v. CM & Associates. Contr. Mgmt., LLC, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

58.     Defendants' conduct also constitutes an "injury in fact" suffered by Plaintiff and the New York Class under Article III that is within the federal judicial power because Plaintiff and the New York Class have "suffered an injury in fact that is concrete, particularized, and actual or imminent." See Caul v. Petco (infra).

59.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants compensatory damages in an amount to be determined in this action, plus the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and  post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

## ON BEHALF OF PLAINTIFF AND THE CLASS

### *Violation of the New York Labor Law – Failure to Pay Wage Notice*

60.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in the paragraphs above of this Complaint as if fully set forth herein.

61.     Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; *the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191*; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. (emphasis added)

62.     Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

63.     Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

64.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

65.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

66.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands judgment against Defendants as follows:

a.   Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.   Designation of Plaintiff Lumsden as representative of the New York Rule 23 Class and  counsel of record as Class Counsel;

c.   Compensatory damages in an amount to be determined in this action;

d.   Liquidated damages;

e.   An award of civil penalties for the wage notice violation;

f.   Prejudgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of the action on the basis of being the prevailing

party in a NYLL action to recover wage underpayments; and

h. A jury trial on these issues to determine liability and damages;

i. Such other relief as this Court shall deem just and proper.


Dated:   New York, NY
         December 7, 2022

*Respectfully Submitted,*

Mohammed Gangat, Esq.
LAW OFFICE OF MOHAMMED GANGAT
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorneys for Plaintiffs*